## MICHAEL H. AND DANIEL CASHMAN v. AARON H. BEAN.

In an action for goods sold and delivered at a specified date, the defendant appeared, but before trial paid the demand sued for, and thereupon the suit was discontinued. Subsequently the plaintiff brought an action against him upon a demand of the same general nature, existing at the time the first suit was commenced. *Held,*

I. That there was no recovery in the first action, which, in any case, would be a bar to another suit.

II. The demands, having arisen out of separate sales, at different dates, and upon specified credits, constituted independent causes of action.

To constitute a "recovery" which would be available, by way of defence, as a bar to another action for the same cause, it should be obtained by the judgment of a court or other competent tribunal.

APPEAL by defendant from a judgment of the District Court for the sixth district. The action was brought to recover for a quarter cask of brandy, sold by the plaintiffs to the defendant on August 26, 1857, on a credit of six months. There had been a prior sale of brandy by the plaintiffs to defendant, to recover for which plaintiffs had brought a former suit. That suit was, however, not commenced until after the expiration of the credit given on the sale embraced in this action. The defendant paid the amount claimed, and now pleaded the former suit and payment, in defence to this action. The justice rendered judgment for the plaintiffs, and defendant appealed. Other details are given in the opinion.

*Burrill, Davison & Burrill*, for the appellant.

*Thomas E. Stewart*, for the respondents.

By the Court, HILTON, J.—The defendant, on this appeal, asks the application of the familiar rule of law, that a party who sues and recovers for a portion of an entire demand, shall be barred of the residue; and, as the case has been rested upon this single proposition, it is only necessary to show its inapplicability here, to determine the appeal taken.

1st. It appears that no judgment whatever was rendered in the action first brought, the alleged recovery in which is set up in the answer as a bar to the present suit. The evidence shows that an action was commenced to recover the price of a quantity of brandy sold and delivered at a specified time, that the defendant appeared, but before trial paid the amount claimed, and thereupon the suit was discontinued. This was not a "*recovery*" which, in any case, would be available as a bar to another suit. No money was obtained by the judgment of a court, and

payment of the amount claimed under such circumstances simply went towards extinguishing so much of the plaintiff's demand.

2d. The two suits related to separate demands or transactions. Each arose out of a sale of a distinct quantity of brandy upon a specified credit of six months, expiring at different periods. In the language of STRONG, J., in *Secor* v. *Sturges*, 16 N. Y. Rep. (2 Smith,) 548, " a plainer case of distinct, independent causes of action, could hardly be presented."

Judgment affirmed.